**BLD-155** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1345
_____

JAMES A. MAPP, JR., a/k/a James A. Thomas,
Appellant

v.

JEFFREY W. BULLOCK, Secretary of State of Delaware; DELAWARE BOARD OF
PARDONS MEMBERS
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-20-cv-01181)
District Judge:  Honorable Maryellen Noreika
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2022
Before:  MCKEE[1], GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 7, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[1] Judge McKee assumed senior status on October 21, 2022.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

James Mapp, Jr., proceeding pro se, appeals orders of the United States District Court for the District of Delaware dismissing his civil rights action and denying his motions for reconsideration and recusal. For the reasons that follow, we will summarily affirm the judgment of the District Court.

In 1993, Mapp pleaded guilty in Delaware state court to charges of first and second degree unlawful sexual intercourse. He was sentenced to life plus twenty years in prison. In 2016, the Delaware Board of Pardons denied Mapp's application for a commutation of his sentence. It stated that his crime was extremely violent and heinous and that he should serve substantially more years in prison. The Board also noted, among other things, that Mapp needed more programming because he had no insight as to how an armed robbery turned into the extremely violent kidnapping and rape of a young man.

The Board denied another application by Mapp for a commutation in 2020. It stated that Mapp should serve more of his sentence and continue to show that he is capable of maintaining good behavior. Similar to its prior decision, the Board urged Mapp to continue to comply with the prison's rules and to utilize programming and work opportunities. It noted that cooperation and furthering his personal growth would improve his chances of showing that he should be considered for a commutation. Mapp was eligible to reapply in 15 months.

---

constitute binding precedent.

Mapp filed a complaint in the District Court against the Secretary of the State of Delaware and other defendants pursuant to 42 U.S.C. § 1983 and § 1985. He alleged that he had completed sex offender treatment eight times, that he had been the inmate facilitator in rehabilitation programs for 15 years, and that he had helped other inmates accept responsibility for their crimes. Mapp averred that since 2010 the Board had commuted the sentences of more than 20 sex offenders who had charges similar to his and who had completed fewer programs. He claimed a violation of his Fourteenth Amendment right to equal protection and sought damages and other relief.

The District Court dismissed Mapp's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(i) because he had not identified any similarly situated inmates who were treated differently from him. It ruled that amendment of the complaint would be futile. Thereafter, the District Court denied Mapp's motion pursuant to Federal Rule of Civil Procedure 60(b)(3), his revised motion to reopen his case, and his request for recusal.[2] This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to § 1915(e)(2) and § 1915A. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We review the denial of Mapp's motions for

---

[2] Mapp's first motion cited Rule 60(b)(3), which affords relief for fraud. Mapp, however, did not seek relief on this basis. We treat this filing as a timely motion for reconsideration. See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (noting a court may recharacterize a post-judgment motion to match the substance of the requested relief).

abuse of discretion.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (motion for reconsideration); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (recusal motion).

The District Court did not err in dismissing Mapp's complaint.  Our rationale, however, differs from that of the District Court.  See TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019) (stating court of appeals may affirm on any basis supported by the record).  Although Mapp did not seek release from prison in his complaint, success on his equal protection claim would mean that he should be released.  As noted above, Mapp claims that the Board should have commuted his sentence based on the commutations granted to other sex offenders.  He must raise this claim in a habeas proceeding.  It is not cognizable under § 1983.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (stating a § 1983 action is barred if success would necessarily establish the invalidity of confinement).

We also conclude that the District Court did not abuse its discretion in denying Mapp's subsequent motions.  Because Mapp's equal protection claim is not cognizable, his contention that the District Court should have allowed him to amend his complaint as to this claim is without merit.  In his revised motion for reconsideration, Mapp claims a violation of his due process rights based on the denial of a commutation.  To the extent this claim is cognizable, he did not raise it in his complaint and thus no relief was due. See Howard Hess Dental Lab'ys., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir.

4

2010) ("'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'") (citations omitted).[3]  Finally, for the reasons stated by the District Court, it did not err in denying Mapp's request for recusal.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[3] Even if we were to consider Mapp's motion as one for relief under Rule 60(b), Mapp did not show the requisite extraordinary circumstances to satisfy the catch-all provision, the only potentially applicable ground for relief.  <u>See</u> <u>Cox v. Horn</u>, 757 F.3d 113, 122 (3d Cir. 2014).